IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT STANFORD JOHNSON,**
**#07379-030,**

       Petitioner,

                                                Case No. 18–cv–952–DRH

vs.

**T.G. WERLICH,**

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Robert Stanford Johnson, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois ("Greenville"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Relying on the recent case of *Mathis v. United States*, 136 S. Ct. 2243 (2016), he challenges the sentence he received in *United States v. Johnson*, 13-cr-009-JEG-RAW (S.D. Iowa 2013). (Doc. 1, pp. 2-3). This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record and the still-developing application of *Mathis*, it is not plainly apparent that Petitioner is not entitled to habeas relief.

1

**Disposition**

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this Order is entered.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.05.07 14:51:25
-05'00'

**United States District Judge**

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.