# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT STANFORD JOHNSON,** #07379-030, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 18-cv-0952-SMY |
| **T. G. WERLICH,** | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Robert Stanford Johnson, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on April 16, 2018. (Doc. 1). Johnson was sentenced to 180 months imprisonment in 2013 after pleading guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *United States v. Robert Stanford Johnson*, No. 13-cr-0009-JEG-RAW-1, Doc. 40 (S.D. Iowa June 14, 2013). His Guidelines range was enhanced after he was found to be a career offender under U.S.S.G. § 4B1.1, based in part on a 2001 Iowa controlled substance conviction. (Doc. 8-2, pp. 24–27).

Johnson now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) to challenge his designation as a career offender based on the Iowa conviction and contends he is entitled to be resentenced without that designation. Specifically, Johnson argues that this prior conviction does not qualify as a "controlled substance offense" under the Guidelines because the underlying Iowa statute criminalizes the "mere offer to sell," which penalizes broader behavior than laws prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance as defined by U.S.S.G. § 4B1.2(b). (Doc. 1, pp. 24–26).

1

Respondent opposes issuance of the Writ on multiple grounds: (1) Johnson waived his collateral challenge rights as part of his plea agreement, which forecloses his Petition (Doc. 8, p. 12); (2) Johnson's sentence cannot be deemed a "miscarriage of justice" under § 2255(e)'s savings clause, as it fell within the statutory maximum penalty for his crime of conviction regardless of his career offender designation (*Id.* at pp. 4–8); and (3) Johnson's Iowa controlled substance conviction was properly considered a "controlled substance offense" because it categorically fits within the Guidelines' definition—thus his claim fails on the merits (*Id.* at pp. 10–12). Johnson replied to Respondent's response. (Doc. 12).

This matter is now ripe for resolution. For the reasons discussed below, Johnson's § 2241 Petition (Doc. 1) will be **DENIED**.

## Procedural History and Relevant Facts

On June 14, 2013, Johnson pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *United States v. Robert Stanford Johnson*, No. 13-cr-0009-JEG-RAW-1, Doc. 40 (S.D. Iowa June 14, 2013). Johnson entered into a formal plea agreement in which he agreed that he "knowingly and expressly waive[d] any and all rights to contest [his] conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255." (Doc. 8-1, pp. 7–8). However, this waiver included an express preservation of the right for either party to "appeal any sentence imposed by the district court, to the extent than an appeal is authorized by law." (*Id.* at p. 8).

While neither party provided the Presentence Report ("PSR") to the Court, there is no dispute that Johnson was determined to be a career offender under the Guidelines by the sentencing court, in part due to his prior 2001 Iowa controlled substance conviction. (Doc. 1, pp. 2–3; Doc.

8, pp. 3, 10–12).[1] Johnson's statutory sentencing range was 0–20 years (240 months) imprisonment. 21 U.S.C. § 841(b)(1)(C). Johnson was sentenced to 180 months imprisonment on June 14, 2013 – within the Guidelines range of 151 to 188 months after the career offender designation was applied. (Doc. 8-2, pp. 6–7, 25–26).

Johnson filed a direct appeal challenging the reasonableness of his sentence, which was summarily dismissed by the Eighth Circuit. *Johnson*, No. 13-cr-0009-JEG-RAW, Doc. 52-1 (S.D. Iowa Dec. 10, 2013). He then filed his first motion under 28 U.S.C. § 2255 in the Southern District of Iowa, arguing that his trial counsel provided ineffective representation during his plea negotiations and sentencing. This motion was denied in all respects, *Johnson v. United States*, 14-cv-0492-JEG, Doc. 3 (S.D. Iowa March 3, 2015), and the Eighth Circuit declined to issue a certificate of appealability. *Id*. at Doc. 13.

Johnson subsequently filed two applications for leave to file successive § 2255 petitions. The first, premised on *Samuel Johnson v. United States*, 135 S. Ct. 2251 (2015), argued that the Guidelines' career offender provisions are unconstitutionally vague; the second argued that new evidence of his trial counsel's ineffective assistance required his sentence to be overturned. Both applications were denied by the Eighth Circuit. *See Johnson v. United States*, No. 16-2624 (8th Cir. Oct. 20, 2016); *Johnson v. United States*, No. 17-3587 (8th Cir. March 13, 2018).

## **Applicable Legal Standards**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges

---

[1] The PSR is filed under seal at Doc. 38 in Johnson's criminal case, *United States v. Johnson*, No. 13-cr-0009-JEG-RAW-1 (S.D. Iowa June 14, 2013). Because it is sealed, this Court was unable to access it, and neither party has provided a complete copy to the Court. However, both Johnson's Petition and Respondent's Response reference the specific grounds for Johnson's career offender designation, as did the court that denied Johnson's second 28 U.S.C. § 2255 post-conviction motion. *Johnson v. United States*, 16-cv-0282-JEG, Doc. 2, p. 1 (S.D. Iowa June 7, 2016).

regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to *one* challenge of his conviction and sentence under § 2255 and may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there

has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## Analysis

In light of *Mathis*, Johnson argues he was improperly designated as a career offender because his 2001 Iowa controlled substance conviction does not categorically match the definition of "controlled substance offense" set forth in U.S.S.G. § 4B1.2(b). Before reaching the merits of this argument, the Court must first consider whether Johnson's claim can be brought within the narrow scope of § 2255's savings clause. The Court agrees with Respondent that Johnson cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he cannot satisfy the requirements of § 2255(e)'s savings clause to bring his *Mathis* claim in a § 2241 petition.

Some errors can be raised on direct appeal but not in a collateral attack by a § 2255 motion or a § 2241 petition. A claim that a defendant's Guidelines sentencing range was erroneously calculated is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory since the Supreme Court decided *United*

5

*States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). The Guidelines range that applied to Johnson was advisory, not mandatory, because he was sentenced in 2013, well after the *Booker* decision. *United States v. Johnson*, No. 13-cr-0009-JEG-RAW-1, Doc. 40 (S.D. Iowa June 14, 2013). The applicable statutory sentencing range for Johnson's conviction at the time of his sentencing was 0–20 years (240 months) imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(C). Thus, Johnson's 180-month sentence fell within the statutory maximum sentence allowed under the statute.

Johnson argues that he could not have brought his claim within a year of his final conviction in 2013 because the argument he raises was foreclosed to him until after *Mathis* was decided in 2016. Even assuming, *arguendo*, that the first and second *Davenport* criteria have been met,[2] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory maximum limit. Therefore, Johnson's Petition does not meet the criteria to bring his claim within § 2255(e)'s savings clause.

Johnson attempts to distinguish *Hawkins* by arguing that, unlike the petitioner in *Hawkins*, he is raising a constitutional challenge to his sentence. Specifically, he argues that his sentence violates his due process right to be sentenced based on accurate information. (Doc. 1-1, pp. 6, 13–15). He claims his sentence was based on inaccurate information because his prior convictions no longer qualify as predicate crimes for the career offender enhancement in light of *Mathis*.

The Court disagrees with Johnson's reading of the cases he cites in support of his argument. A defendant **does** have a due process right to be sentenced based on accurate information. *United*

---

[2] Because *Hawkins* dictates that Johnson cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive of his Petition, the Court need not decide whether Johnson has satisfied the other two *Davenport* factors. Likewise, the Court need not reach the merits of Respondent's argument that Johnson's Petition is foreclosed by his appeal waiver in the plea agreement. (Doc. 8, p. 12).

*States ex rel. Welch v. Lane*, 738 F.2d 863, 864 (7th Cir. 1984), citing *United States v. Tucker*, 404 U.S. 443, 447 (1972) and *Townsend v. Burke*, 334 U.S. 736 (1948). However, Johnson misconstrues the scope of that right. Due process is violated by reliance on factually incorrect information at sentencing. In *Townsend*, the sentencing court mistakenly believed the defendant had been convicted on several charges when he in fact had been acquitted or the charges had been dropped. *Townsend*, 334 U.S. at 740-41. In *Tucker*, the sentencing court was unaware that two of the defendant's prior convictions were invalid because they had been obtained in violation of his right to counsel. *Tucker*, 404 U.S. at 448-49. In *Welch*, the sentencing court believed the defendant had been previously convicted of armed robbery, but the prior conviction was only for robbery. *Welch*, 738 F.2d at 865. *See also United States v. Melendez*, 819 F.3d 1006, 1012 (7th Cir. 2016) (drug quantity); *United States v. Jones*, 454 F.3d 642, 652 (7th Cir. 2006) (court considered prior conviction that had been overturned).

Here, the allegedly inaccurate information is not the fact of the prior convictions; it is the conclusion that the prior convictions qualified as predicate crimes for the career offender enhancement. The question of whether a prior crime qualifies as predicate crime is a legal question, not a factual one. Johnson cites no case wherein an erroneous determination of a legal question was held to be the kind of "inaccurate information" which violated due process. This Court's independent research has not identified such a case.

The ultimate issue in *Hawkins* is the same as the issue Johnson raises; the alleged miscalculation of an advisory Guideline range, based on an enhancement factor (here, the career offender designation) which Johnson argues is impermissible under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify

7

postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). Thus, *Hawkins* remains binding precedent in this Circuit and Johnson's Petition must be dismissed.

## Conclusion

For the above reasons, Johnson's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: January 10, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**